**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARYLYN MELDER, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-1274-RWS |
| STATE FARM MUTUAL : | |
| AUTOMOBILE INSURANCE : | |
| COMPANY, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court for consideration of Non-Party ChoicePoint, Inc.'s ("ChoicePoint") Motion to Quash and for a Protective Order [17] and Plaintiffs' Motion to Transfer [19]. After reviewing the record, the Court enters the following Order.

These Motions come before the Court as part of a discovery dispute arising from a putative class action pending in the Eastern District of Louisiana: Marylyn Melder, *et al.* v. State Farm Mutual Automobile Insurance Company, *et al.*, Civil Action No. 2:03-CV-2499, Eastern District of Louisiana. This case was previously before the Court for consideration of a motion by State Farm to quash two subpoenas issued by Plaintiffs to non-party ChoicePoint and

MostChoice.com, Inc.. By Order [15] entered April 25, 2008, the Court transferred that matter to the forum court for the pending litigation.

Plaintiffs request that the Court also transfer the present Motion to Quash and for Protective Order to the forum court. However, unlike the earlier motion, the present Motion is brought by ChoicePoint which is incorporated in the state of Georgia and headquartered here. ChoicePoint opposes transfer of this matter to the forum court. The parties have informed the Court concerning the status of discovery in the pending case, and the Court concludes that this matter may be efficiently addressed by this Court consistent with rulings of the forum court. Therefore, Plaintiffs' Motion to Transfer [19] is hereby **DENIED**.

In the Motion to Quash or for a Protective Order, ChoicePoint requests that the Court quash Plaintiffs' Rule 30(b)(6) Deposition Subpoena and enter a protective order against the requested deposition. In the subpoena, Plaintiffs seek to depose a representative of ChoicePoint on a wide range of subjects. ChoicePoint asks the Court to quash the subpoena because the subpoena is over broad and would cause ChoicePoint undue burden and expense, the subpoena includes confidential and proprietary information, and the subpoena seeks information not relevant to the pending action.

The Court finds that the topics included in the subpoena are relevant to the pending action. The pending action involves allegations that Defendants engaged in racially discriminatory practices in connection with the issuance of insurance policies. Plaintiffs allege that credit scoring is used in the underwriting, pricing, formation, administration, and renewal of the policies. ChoicePoint provides the credit scoring services for Defendants utilized in those functions, and ChoicePoint is uniquely able to describe how the scoring is done.

ChoicePoint's concerns about confidential and proprietary information can be resolved by a confidentiality agreement. The discovery may proceed under the Stipulated Order for Confidentiality in the pending case, or Plaintiffs and ChoicePoint may negotiate their own agreement.

In light of the status of the pending action, the subpoena is over broad. Thus, the Court concludes that ChoicePoint is entitled to a protective order limiting the scope of the subpoena. The deposition shall be limited to the noticed topics only as they relate to the named Plaintiffs.

Based on the foregoing, Plaintiffs' Motion to Transfer [19] is **DENIED**, ChoicePoint's Motion to Quash [17-1] is **DENIED**, and ChoicePoint's Motion for Protective Order [17-2] is **GRANTED**.

3

**SO ORDERED**, this  20th  day of October, 2008.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4